UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELANIE CHANTELL LATRONICA,

Plaintiff,

v.

MORRISON C. ENGLAND, et al.,

Defendants.

Case No. 16-cv-02870-RS

**ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND COURT INTERVENTION AND TO SHOW CAUSE**

Plaintiff Melanie Chantell Latronica has filed claims against hundreds of private and government agencies and people in the United States and abroad. She has also filed three motions for preliminary injunctions and a motion for court intervention. None of the defendants has been served.

A preliminary injunction order is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In any case, a court

"must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987).

All of Latronica's filings are incomprehensible and appear to be frivolous.  She has not identified whom to enjoin or explained what activities the defendants should be prevented from doing.  Moreover, Latronica has not demonstrated this court has subject-matter jurisdiction or that venue in the Northern District of California is proper.  Nor is it clear Latronica has stated a claim upon which relief can be granted.  What is clear, however, is that Latronica has sued numerous people who are likely entitled to judicial or official immunity.  In light of these numerous pleading deficiencies, Latronica has failed to establish that she is likely to succeed on the merits, as she must to obtain a preliminary injunction.  Accordingly, her motions for preliminary injunction and for court intervention must be denied.

In addition, Latronica is ordered to show cause why the case should not be dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.  Latronica must file a response to this order by July 1, 2016, at 5:00 p.m.  If she fails to do so, this matter will be dismissed without further notice.

**IT IS SO ORDERED**.

Dated:  June 14, 2016

_____
RICHARD SEEBORG
United States District Judge